**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARGARET M. MYERS,**

                              **Plaintiff,**

      **vs.**                                    **7:06-CV-0331**
                                                 **(NAM/RFT)**

**MICHAEL J. ASTRUE*,**
**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

Olinsky, Shurtliff Law Firm           Jaya Shurtliff, Esq.
300 S. State Street
5th Floor
Syracuse, New York 13202
Attorney for Plaintiff

Social Security Administration        Ellen E. Sovern, Esq.
Office of Regional General Counsel   Stephen P. Conte, Esq.
Region II
26 Federal Plaza, Room 3904
New York, New York 10278

        ** On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of the Social
Security Administration.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), he is
automatically substituted for former Commissioner Joanne B. Barnhart as the defendant in
this action.

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.**       **INTRODUCTION**

       Plaintiff Margaret Myers brings the above-captioned action pursuant to 42 U.S.C. §

405(g) of the Social Security Act, seeking a review of the Commissioner of Social Security's

decision to deny her application for disability benefits.  This matter was referred to United States

Magistrate Judge Randolph F. Treece for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.3(d).   Magistrate Judge Treece recommended that this Court reverse and remand the Commissioner's decision denying disability benefits pursuant to 42 U.S.C. § 405(g) for further proceedings.  Presently before the Court is defendant's objection to the Report and Recommendation.

## II.   BACKGROUND

On February 27, 2004, plaintiff filed an application for Disability Insurance Benefits ("DIB").  (T. 44-46)[1].  Plaintiff was 57 years old at the time of her application and alleged an inability to work due to emotional problems and stress.  On April 21, 2004, plaintiff's application was denied and plaintiff requested a hearing by an ALJ which was held on December 21, 2004. (T. 30-34).  On March 19, 2005, the ALJ issued a decision and found at step one that plaintiff has not engaged in substantial gainful activity since her alleged onset date.  (T. 23).  At step two, the ALJ determined that plaintiff's depressive disorder was a medically determinable impairment but that plaintiff did not have any impairment(s) that significantly limited her ability to perform basic work-related activities and therefore, plaintiff did not have a severe impairment.  (T. 23).  The ALJ concluded that plaintiff was not disabled and denied her application for DIB benefits. (T. 23).  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 4-7).  This action followed.

## III.   REPORT AND RECOMMENDATION

In the Report and Recommendation, Magistrate Judge Treece found that the ALJ failed to adequately develop the record with regard to obtaining opinions as to plaintiff's functional

---

[1] "(T. )" refers to pages of the administrative transcript, Dkt. No. 3.

limitations from plaintiff's treating physicians, Dr. Beane and Dr. Aronowitz.[2]  Magistrate Judge

Treece recommended remand of the matter back to the ALJ to properly assess the severity of

plaintiff's impairments.  Defendant objects to this portion of the Report and Recommendation.

## IV.    DISCUSSION

### A.    Standard of Review

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does

not determine *de novo* whether plaintiff is disabled.  Rather, the Court must examine the

Administrative Transcript to ascertain whether the correct legal standards were applied, and

whether the decision is supported by substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 131

(2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citing *Richardson v. Perales*, 402 U.S. 389, 401

(1971)).  An ALJ is obligated to develop the record regardless of whether claimant is represented

by counsel.  *See Shaw*, 221 F.3d at 131 (citations omitted).  Pursuant to 28 U.S.C. § 636(b)(1)(C),

this Court engages in a *de novo* review of any part of a Magistrate's Report and Recommendation

to which a party specifically objects.  Failure to object timely to any portion of a Magistrate's

Report and Recommendation operates as a waiver of further judicial review of those matters.  *See*

*Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989).

### B.    Duty to Develop Record

---

[2] The Magistrate Judge also found that plaintiff knowingly and voluntarily waived her right to representation and further, that the ALJ adequately developed the record with regard to obtaining relevant treatment records from Mercy Hospital, Dr. Beane and Dr. Aronowitz.  There are no objections to these findings.

3

Defendant contends that the ALJ properly developed the record and was not required to recontact plaintiff's treating physicians to obtain an opinion on plaintiff's functional limitations. (Dkt. No. 13, p. 2).  Defendant argues that the ALJ had the medical records of both doctors and therefore, was not required to recontact the doctors to obtain a medical statement about plaintiff's impairments. Plaintiff requests that if the Court determines that the record was adequately developed, that the Court should review the remaining issues raised by plaintiff. (Dkt. No. 14).

An ALJ must affirmatively develop the record in light of the "essentially non-adversarial nature of a benefits proceeding".  *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *see also Echevarria v. Sec'y of Health and Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)).  The duty of an ALJ to develop the record is "particularly important" when obtaining information from a claimant's treating physician due to the "treating physician" provisions in the regulations.[3]  *Devora v. Barnhart*, 205 F.Supp.2d 164, 172 (S.D.N.Y. 2002).  The Regulations state, in relevant part: "Before we make a determination that you are not disabled, we will develop your complete medical history ... [and] will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports."  *Pabon v. Barnhart*, 273 F.Supp.2d 506, 517 (S.D.N.Y. 2003) (citing 20 C.F.R. § 416.912(d)); *see also Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). "There is ample case law suggesting that an ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician in order to afford the claimant a full and fair hearing."  *Devora*, 205 F. Supp. 2d at 174 (collecting cases).  This obligation

---

[3] Under the regulations, a treating source's opinion is entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

includes obtaining the treating physicians' assessments of plaintiff's functional capacity. 20 C.F.R. § 404.1512(e); *see also Hardhardt v. Astrue*, 2008 WL 2244995, at *9 (E.D.N.Y. 2008).

Plaintiff has the burden of "provid[ing] medical evidence" to show she is disabled, but the ALJ has a heightened obligation to assist a *pro se* plaintiff affirmatively in developing the record. *Carroll v. Sec'y of Health and Human Servs.*, 872 F.Supp. 1200, 1204 (E.D.N.Y. 1995); *see also Camacho v. Apfel*, 1999 WL 294731, at *3 (E.D.N.Y. 1999) (citing 20 C.F.R. § 404.1512(c)). When the plaintiff is unassisted by counsel, the ALJ has the duty to scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts. *Gold v. Sec'y of Health, Educ. and Welfare*, 463 F.2d 38, 43 (2d Cir. 1972). This heightened obligation involves, *inter alia*, the duty to ensure that the claimant secures all of the relevant medical testimony; the duty to call the claimant's physicians to testify; and the duty to instruct the claimant of his right to subpoena and cross-examine physicians. *Dawson v. Apfel*, 1997 WL 716924, at *7 (S.D.N.Y. 1997); *see also Echevarria,* 685 F.2d at 755. "Reasonable efforts" in this context include issuing and enforcing subpoenas requiring the production of evidence, and advising the plaintiff of the importance of the evidence. *Almonte v. Apfel*, 1998 WL 150996, at *7 (S.D.N.Y. 1998). The ALJ must also enter these attempts at evidentiary development into the record. *Id*. In *Peed v. Sullivan*, 778 F.Supp. 1241, 1246 (E.D.N.Y. 1991), the court stated:

> To obtain from a treating physician nothing more than charts and laboratory test results is to undermine the distinctive quality of the treating physician that makes his evidence so much more reliable . . . It is the opinion of the treating physician that is to be sought; it is his opinion as to the existence and severity of a disability that is to be given deference. Thus, when the claimant appears *pro se*, the combined force of the treating physician rule and of the duty to conduct a searching review requires that the ALJ make every reasonable effort to obtain not merely the medical records of the treating physician but also a report that sets forth the opinion of that treating physician as to the existence, the nature, and the severity of the claimed disability.

5

Remand is necessary if the ALJ fails to attempt to contact the plaintiff's treating physician to properly determine her RFC.  *See Rosa v. Apfel,* 1998 WL 437172, at *4 (S.D.N.Y. 1998); *see also Hopper v. Comm'r of Social Sec.*, 2008 WL 724228, at *11 (N.D.N.Y. 2008); *see also Oliveras ex rel. Gonzalez v. Astrue*, 2008 WL 2262618, at *6-7 (S.D.N.Y. 2008) (holding that remand is appropriate even where there is no guarantee that the outcome will change, so that the ALJ can make reasonable efforts to obtain the treating physicians opinion on functional capacity).

Upon a thorough review of the record, the Court concludes that the ALJ failed to adequately develop the facts.  While the record contains treatment notes for the relevant time period from Drs. Beane and  Aronowitz, the administrative transcript does not contain any opinions from Drs. Beane or Aronowitz regarding how plaintiff's mental impairments affect her ability to perform work-related activities.  Indeed, the only assessment of plaintiff's mental ability to do work related activities was provided by a consultative physician.  As plaintiff was not represented by counsel at the time of the hearing, it was incumbent upon the ALJ to encourage plaintiff to obtain an opinion from her treating physicians.  In the alternative, the ALJ should have attempted to obtain an opinion directly from Drs. Beane and Aronowitz.  *See Brathwaite v. Barnhart*, 2007 WL 5322447, at *12 (S.D.N.Y. 2007) (holding that clarification was necessary rather than dismissing the treating physician's opinion outright, especially in light of the fact that the plaintiff was proceeding *pro se* and that no other treating physician's report appeared in the record).  The ALJ's failure to seek medical evaluations from plaintiff's treating sources and to apply the proper standard to assess plaintiff's ability to meet the mental demands of work, deprived plaintiff of a full hearing.  *Rosado v. Barnhart,* 290 F.Supp.2d 431, 441-442 (S.D.N.Y.

2003) (citing *Echevarria,* 685 F.2d at 755).

Upon remand, the ALJ should contact Drs. Beane and Aronowitz opinions regarding plaintiff's functional limitations.  Further, upon remand, the ALJ is directed to develop the record to ascertain the proper amount of weight to accord Drs. Beane and Aronowitz opinions under 20 C.F.R. § 416.927(d).  *See O'Halloran v. Barnhart*, 328 F.Supp.2d 388, 394 (W.D.N.Y. 2004); *see also Donato v. Sec'y of Dep't of Health and Human Servs*., 721 F.2d 414, 419 (2d Cir. 1983) (holding that the ALJ has the duty to not only develop the proof but carefully weight it).

## V.    CONCLUSION

Based upon the foregoing, and the reasons stated in the Report and Recommendation, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Randolph F. Treece is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision denying disability benefits be **REVERSED** and this matter be **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g); and it is further

**ORDERED** that the Clerk enter judgment.

**IT IS SO ORDERED.**

Date:   July 17, 2009

Norman A. Mordue
Chief United States District Court Judge